**Susie A. LEWIS and Ray F. Lewis, Plaintiffs-Appellants,**

**v.**

**STRICKLAND TRUCK LINES, Defendant-Appellee.**

**No. 74–1237.**

United States Court of Appeals, Sixth Circuit.

Oct. 23, 1974.

William Stuart Zwick, James S. Mac-Donald, Knoxville, Tenn., for plaintiffs-appellants.

R. Hunter Cagle, Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, Tenn., for defendant-appellee.

Before PECK and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by plaintiffs-appellants, Susie A. Lewis and Ray F. Lewis, from a judgment on a jury verdict in favor of defendant-appellee, Strickland Truck Lines. The plaintiffs-appellants brought the action in the United States District Court for the Eastern District of Tennessee, Northern Division, to recover damages sustained by them in an automobile collision between their automobile and the truck of the appellee. The sole question at issue on this appeal is whether the trial judge erred in charging on contributory negligence as to the appellant Susie A. Lewis. The appeal is argued and briefed only as to this appellant.

Briefly, the facts are: On August 25, 1972, at about 2:00 P.M., the appellant, Ray F. Lewis, was driving the car, in which his wife Susie was a passenger, west on Interstate 40 in Knox County, Tennessee. As he was in the act of passing the truck of the appellee he observed three cars ahead of the truck, a car pulling a U-Haul trailer. This U-Haul trailer began to sway and cars ahead began applying their brakes. Mr. Lewis applied his brakes, rather sharply, and he lost control of his car. His car spun around and some part of his car made contact with the truck. The automobile of the appellants was damaged and both husband and wife claimed to be injured.

The truck was at all times in its right lane and when the driver observed the Lewis car in trouble he began pulling into the emergency lane. The Lewis car was in the left lane and there were other cars ahead in this lane of traffic. The car with the U-Haul trailer was apparently in the right lane when the trailer began to sway. Mr. Lewis' speed was variously estimated at 55 to 65 miles per hour. The driver of the truck estimated his speed at the time at 50 miles per hour.

When the trial judge finished his charge to the jury he asked whether either side wanted him to excuse the jury while he called for exceptions or special requests. Both counsel responded in the negative. The judge then asked if the plaintiffs had any objection to any part of the charge or if they had any special requests. Counsel for the plaintiffs, appellants here, answered "no" to both questions.

It is well accepted in Federal practice that,

> "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Rule 51 F.R.Civ.P.

Neither did counsel raise the question on motion for new trial, to wit:

> "Comes the Plaintiffs, by and through their attorneys, and move the Court to grant them a new trial herein because the evidence preponderates against the verdict for the Defendant and said verdict indicates prejudice, passion and caprice on the part of the jury."

██ We are of the opinion that the failure to object to the charge when given an opportunity, is determinative of this case. We proceed however, to discuss the argument of counsel for appellant, Susie Lewis.

██ The defendant's defense was that the driver of the truck was free from negligence and that the accident was caused by the negligence of Ray F. Lewis, the driver of the automobile. The defendant alleged that should it be found otherwise the plaintiffs were guilty of proximate contributory negligence which would bar their recovery.

Thus contributory negligence was put in issue in the pleadings.

In the pre-trial order agreed to by the attorneys, proximate or remote contributory negligence was stated as an issue. In the absence of a motion to take this defense from the jury the trial judge was justified in including it in his charge. In his statements about contributory negligence he did not infer that the appellant, Susie Lewis, was guilty of any negligence and we do not find that his statements were prejudicial to this appellant. If there were any error, it was harmless. Rule 61 F.R.C.P.

The following is a specimen of the use of the "contributory negligence" of the plaintiffs which occurred in several places in the charge:

"* * * so that if the truck driver violated this statute and that violation was the proximate cause of the accident and resulting injuries *and plaintiffs were free from contributory negligence,* plaintiffs could recover." Emphasis added.

There is no place in the charge, where as argued by counsel, the trial judge imputes the negligence of the driver of the car to the wife as passenger. He makes a clear distinction,

"Now his wife occupies a different position because she was not the driver of the car, and unless you find her guilty of proximate contributory negligence, if you find the defendant guilty of proximate contributory negligence, she could recover."

Again the judge made it clear that only proximate negligence on the part of Mrs. Lewis could bar her recovery.

"Now as previously indicated, Mrs. Lewis was not the driver of the car. Before she could be precluded from a recovery, if the jury should find proximate negligence upon the part of the defendant, the jury would have to find that she was guilty of contributory negligence, that is, that she failed to exercise care for her own safety under the circumstances shown in this record."

Further, the judge defined contributory negligence.

"Now contributory negligence is negligence upon the part of a plaintiff or plaintiffs. It is contributory if it is the proximate cause of the accident. Where a plaintiff by his own negligence caused, or contributed proximately to cause the accident and his injury, such plaintiff is not entitled to a verdict."

The jury could apply this law and if it reached this issue in the case it could determine whether or not the appellant was guilty of any proximate contributory negligence.

Finally, the jury having been out only fifteen minutes, it is apparent that it did not reach a point in the case beyond the question of whether or not the driver of the defendant's truck was negligent. This is consistent with our view of the evidence.

We do not find under the facts of this case that it rises to a point of plain or fundamental error.

Judgment affirmed.